UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

Case No.. CaseNumber

vs.

VANGIE TEXEIRA, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
RENE TORRES TEXEIRA, HANNA AUTO
MART INC., AND SALEM MAHMOUD
ALSAIDI,

    Defendants
                                                     /

## COMPLAINT FOR DECLARATORY RELIEF

The Plaintiff, Mesa Underwriters Specialty Insurance Company ("Mesa"), files this Complaint for Declaratory Judgment against the Defendants, Hanna Auto Mart, Inc. ("Hanna"), Salem Mahmoud Alsaidi ("Mr. Alsaidi") and Vangie Texeira, as personal representative of the Estate of Rene Torres Texeira ("Estate") (Hanna, Mr. Alsaidi and the Estate are collectively referred herein as "Defendants"), and states as follows:

### PRELIMINARY STATEMENT

1. This declaratory judgment action is brought for the purpose of determining an actual controversy between the parties with respect to a commercial general liability policy issued by Mesa to Hanna.

1. Mesa seeks a judgment from this Court declaring that it has no duty to defend Hanna and no duty to defend Mr. Alsaidi with respect to the underlying lawsuit filed against Hanna and Mr. Alsaidi by the Estate in the Ninth Judicial Circuit Court in and for Orange County, Florida, Case No. 2019-CA-006112-O ("Underlying Lawsuit" or "Underlying Complaint"), and as more

fully described below. A true and accurate copy of the Underlying Complaint is attached as Exhibit A.

2. Mesa has been, and is currently, providing a defense for Hanna and for Mr. Alsaidi to the Underlying Lawsuit.

## JURISDICTION & VENUE

2. Mesa is, and was at all times material to this action, a foreign corporation incorporated in the State of New Jersey. Mesa is, and was at all times material to this action, domiciled in the State of New Jersey with its principal place of business in the State of New Jersey.

3. The Estate is pending in the Circuit Court in and for Orange County, Florida.

4. Hanna is, and was at all times material to this action, a Florida Corporation incorporated in the State of Florida.

5. Mr. Alsaidi is a natural person, who is a citizen of the state of Florida and domiciled in the State of Florida.

6. The Estate is a proper party to this action, as the Estate in an interested party by virtue of the fact that the Estate is the Plaintiff in the Underlying Lawsuit brought against Hanna and Mr. Alsaidi, and the Estate's rights will be impacted by the Court's determination in this matter; thus, the Estate has been named in this action so it will be bound by the Court's ultimate declaration.

7. Complete diversity of citizenship exists in this matter.

8. The amount in controversy exceeds $75,000.00, exclusive of costs, interest and attorneys' fees.

9. Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

10. Venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(b), because the claims of the Underlying Lawsuit are alleged to have occurred in Orange County, Florida, and the Underlying Lawsuit for which Mesa seeks a judicial declaration of no coverage is pending before the Ninth Judicial Circuit in and for Orange County, Florida. Additionally, Mesa issued and delivered the Garage Policy to Hanna at 17909 Old Cheney Highway, Orange County, Florida 32820.

**GENERAL ALLEGATIONS**

11. On July 11, 2019, the Estate filed a Complaint against Hanna and Mr. Alsaidi that concerns the wrongful death of Rene Torres Texeira ("Mr. Texeira") by the Estate, which arises from an alleged incident on October 17, 2018 in which Mr. Texeira was struck by a motor vehicle driven by Mr. Alsaidi and owned by Hanna while Mr. Texeira was a pedestrian in a crosswalk located near the intersection of Bonneville Drive and East Colonial Drive ("Incident"). *See* Exhibit A, ¶¶ 8-11.

12. The Underlying Complaint sets forth one count of negligence against Mr. Alsaidi and one count of negligence against Hanna. *See* Exhibit A. Counts I and II, at ¶¶14-19.

13. According to the Underlying Complaint, Mr. Alsaidi was allegedly operating the subject motor vehicle while in the course and scope of his employment for Hanna at the time of the Incident. *See* Exhibit A, ¶ 10.

14. According to the Underlying Complaint, Mr. Alsaidi was allegedly operating the subject motor vehicle with the knowledge, authority, permission and consent of Hanna at the time of the Incident. *See* Exhibit A, ¶ 11.

15. According to the Underlying Complaint, the subject motor vehicle was allegedly owned by Hanna at the time of the Incident. *See* Exhibit A, ¶ 11.

16. The Underlying Complaint alleges that Texeira died as resulted on the accident. *See* Ex. A. ¶13.

17. The Underlying Complaint alleges that Mr. Alsaidi negligently operated the motor vehicle at the time of the Incident. *See* Exhibit A, ¶ 15.

18. The Underlying Complaint alleges that Hanna is vicariously liable for Mr. Alsaidi's negligence. *See* Exhibit A, ¶ 18.

19. Upon information and belief, Mr. Alsaidi was under the age of twenty-one (21) at the time of the Incident.

20. Upon information and belief, Mr. Alsaidi was not a customer of Hanna at the time of the Incident.

21. Mesa issued to Hanna a commercial auto policy which was in effect from July 30, 2018 to July 30, 2019 ("Mesa Policy"). A true and correct copy of the Mesa Policy is attached as **Exhibit B.**

22. Mr. Alsaidi is not listed in the schedule on Form MUS 01 01 70005 06 16 of the Mesa Policy issued to Hanna. *See* Exhibit B, Form MUS 01 01 70005 06 16.

23. Mr. Alsaidi is not a named driver on Form MUS 01 01 70033 06 16 of the Mesa Policy issued to Hanna. *See* Exhibit B, Form MUS 01 01 70033 06 16.

24. The Mesa Policy contains the following Garage Coverage Part Declaration:

**GARAGE Coverage Part Declarations**

**This Coverage Part consists of this Declarations Form, the Common Policy Conditions, the Garage Coverage Form, the Coverage Form(s), and the Coverage Endorsement(s) indicated as applicable.**

**ITEM ONE**

Named Insured:     Hanna Auto Mart Inc.
Policy Number:     MP0009003007462
Effective Date:     07/30/2018

Named Insured is (Check One):  ☐Individual   ☐Joint Venture   ☐Partnership   ☐L.L.C.   ☒Incorporated

☐ Organization (other): _____

Business Description: Used Auto Dealer

**ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS**: This policy provides only those coverages identified by entry of a PREMIUM and by entry of the applicable COVERED "AUTO" DESIGNATION SYMBOL in the columns below (numerical symbols are defined in Section 1 of the Garage Coverage Form). Entry of a covered "auto" symbol next to Liability provides coverage for "garage operations". Page 2 of 3 of this GARAGE COVERAGE PART DECLARATION replaces the AUTO DEALERS SUPPLEMENTARY SCHEDULE and the NON-DEALERS AND TRAILER DEALERS SUPPLEMENTARY SCHEDULE referred to in the GARAGE COVERAGE FORM.

| GARAGE COVERAGE | | COVERED "AUTOS" | LIMIT - THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | | | PREMIUM |
|---|---|---|---|---|---|---|
| | | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| LIABILITY | | 22 29 | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | | | $1,000,000 | $1,000,000 | $1,000,000 | $ ■ |
| GARAGE KEEPERS | SPECIFIED CAUSES OF LOSS | | SEE LIMITS OF INSURANCE ON PAGE 2 OF DECLARATIONS | | | $ |
| | COMPREHENSIVE | | | | | $ |
| | COLLISION | | | | | |
| PHYSICAL DAMAGE | SPECIFIED CAUSES OF LOSS | | SEE LIMITS OF INSURANCE ON PAGE 3 AND 4 OF DECLARATIONS | | | $ |
| | COMPREHENSIVE | | | | | $ |
| | COLLISION | | | | | |
| MEDICAL PAYMENTS | | | $ | | | $ |
| UNINSURED/UNDERINSURED MOTORIST | | 22 | SEPARATELY STATED IN THE ENDORSEMENT | | | $ ■ |
| PERSONAL INJURY PROTECTION | | 25 | SEPARATELY STATED IN THE ENDORSEMENT | | | $ ■ |
| DAMAGE TO RENTED PREMISES | | | SEPARATELY STATED IN THE ENDORSEMENT | | | $ |
| ADDITIONAL ENDORSEMENTS | | | SEPARATELY STATED IN THE ENDORSEMENT | | | $ ■ |
| | | | TOTAL PREMIUM | | | $ ■ |

Number of Dealer Plates/ Transport Tags: 10

☐ CHECK HERE IF MINIMUM PREMIUM APPLIES

\* \* \*

Exhibit B, Form MUS 01 01 70000 05 15, pp. 1-2 of 4.

25. The Mesa Policy also contains the following Garage Coverage Form:

## GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to

**SECTION I – COVERED AUTOS**

5

determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance. Other words and phrases that appear in quotation marks have special meaning. Refer to Section **VI** – Definitions.

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| **22** | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| **25** | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have no-fault benefits in the state where they are licensed or principally garaged. |
| **29** | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company) or members of their households while used in your garage business. |

\* \* \*

**SECTION II – LIABILITY COVERAGE**
**A. Coverage**
    **1. "Garage Operations" – Other Than Covered "Autos"**
        **a.**    We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos". We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance - "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements…

    **2. "Garage Operations" – Covered "Autos"**
        We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". . .

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**
- **a.** The following are "insureds" for covered "autos":
  - **(1)** You for any covered "auto".
  - **(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
    - **(a)** The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
    - **(b)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
    - **(c)** Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".
    - **(d)** Your customers. However, if a customer of yours:
      - **(i)** Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.
      - **(ii)** Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.
    - **(e)** A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
  - **(3)** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.
  - **(4)** Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.
- **b.** The following are "insureds" for "garage operations" other than covered "autos":
  - **(1)** You.
  - **(2)** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

\* \* \*

**SECTION VI – DEFINITIONS**

A.     "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B.     "Auto" means a land motor vehicle, "trailer" or semitrailer.

C.     "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

\* \* \*

H.     "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section **I** of this coverage form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

I.     "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

\* \* \*

L.     "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

\* \* \*

Exhibit B, Form CA 00 05 03 10 pp. 1-4, 15-17 of 17.

     26.     The Mesa Policy also includes the following endorsements:

The Policy also contains the following three pertinent endorsements:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE DRIVER EXCLUSION – UNDER AGE 21

This endorsement modifies insurance provided under the following:

    GARAGE COVERAGE FORM

    It is agreed that this insurance does not apply to "loss", "bodily injury" or "property damage" arising out of the ownership, maintenance, operation or use of an "auto" or "mobile equipment" or any motorized vehicle by any person under 21 years of age.

    This exclusion shall apply whether or not the "auto" was operated or used with the expressed or implied permission of an "insured", "employee", manager, supervisor, or anyone else. This exclusion applies to all coverage currently provided and any coverage added in the future.

**Test Driving *Exception*:**

This exclusion does not apply to an "accident" involving a customer under age 21 who is accompanied by the "Insured" while test-driving an "auto" held for sale by the "Insured". However, the limits for Liability Coverage for "bodily injury" or "property damage" are reduced to the private passenger "auto" compulsory or financial responsibility limits for the state in which the "accident" occurs.

**Youthful Driver *Exception***

This exclusion does not apply to any person under 21 years of age listed in the schedule below so long as that person is at least 18 years old. However, for any person listed in the schedule below, the limits for Liability Coverage for "bodily injury" or "property damage" arising from an "accident" are then reduced to the private passenger "auto" compulsory or financial responsibility limits for the state in which the "accident" occurs.

| NAME | DATE OF BIRTH |
|---|---|
| NONE | |
| | |

* * *

All other terms and conditions of this policy remain unchanged.

Exhibit B, Form MUS 01 01 70005 06 16.

**GARAGE – NAMED DRIVER(S) ENDORSEMENT**

This endorsement modifies insurance provided under the following:

    GARAGE COVERAGE FORM

It is agreed that this insurance does not apply to:

"Bodily injury", "property damage", "loss", Uninsured Motorists Coverage, Underinsured Motorists Coverage, Personal Injury Protection, Basic First Party Benefit, Medical Payments Coverage, Garagekeepers Coverage and Physical Damage Coverage:

Arising out of the ownership, maintenance, operation or use of an "auto" or mobile equipment or any motorized vehicle by any person on behalf of or for the benefit of the Named Insured other than:

Name(s):
ABDELHAMEAD ELMASRY
RIAD KOWATLI
SHAHZAD DHANANI
FRANCISCO CARVAJAL – SANCHEZ

9

1016496\304789755.v1

QUINCY RAMNAUTH

This exclusion does not apply to "bodily injury", "property damage", "loss", Uninsured Motorists Coverage, Underinsured Motorists Coverage, Personal Injury Protection, Basic First Party Benefit, Medical Payments Coverage, Garagekeepers Coverage and Physical Damage Coverage arising out of the Named Insured's customers' use of the Named Insured's "auto".

All other terms and conditions of this policy remain unchanged

Exhibit B, Form MUS 01 01 70033 06 16, p. 1 of 1.

## COUNT I – NO COVERAGE FOR MR. ALSAIDI AND HANNA DUE TO THE GARAGE DRIVER EXCLUSION

27. Mesa realleges and incorporates by reference its allegations in paragraphs 1 through 26.

28. An actual, present and existing controversy has arisen between the parties as to Mesa's obligations, if any, with respect to the claims being asserted by the Estate against Mr. Alsaidi and Hanna in the Underlying Complaint.

29. Mesa is entitled to a judicial declaration of no duty to defend Mr. Alsaidi and Hanna on the grounds that the claims of the Underlying Lawsuit are not covered by the Mesa Policy; as such claims are precluded from coverage based on the Garage Driver Exclusion, because the claims of "loss" and "bodily injury" in the Underlying Lawsuit arise out of the ownership, maintenance, operation or use of an "auto" by any person under 21 years of age and exceptions to the Garage Driver Exclusion do not apply.

30. There is a bona fide, actual, present need for the declaration of Mesa's rights and obligations under the Mesa Policy, if any.

31. This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Mesa Policy and will, therefore, serve the interests of justice.

32. Mesa has no adequate remedy at law.

WHEREFORE, for the reasons stated above, Mesa requests that this Court enter a Declaratory Judgment declaring the rights, status, obligations and duties of the parties under the Mesa Policy, including, but not limited to, the following:

A. That Mesa has no duty to defend Mr. Alsaidi and Hanna in the Underlying Lawsuit;

B. That the Mesa Policy does not afford coverage for any of the claims against Mr. Alsaidi and Hanna in the in the Underlying Lawsuit; and

C. That Mesa be awarded any such further relief in law or in equity to which it may be entitled.

## COUNT II – NO COVERAGE FOR MR. ALSAIDI AND HANNA DUE TO GARAGE NAMED DRIVER(S) ENDORSEMENT

33. Mesa realleges and incorporates by reference its allegations in paragraphs 1 through 26.

34. An actual, present and existing controversy has arisen between the parties as to Mesa's obligations, if any, with respect to the claims being asserted by the Estate against Mr. Alsaidi and Hanna in the Underlying Complaint.

35. Mesa is entitled to a judicial declaration of no duty to defend Mr. Alsaidi and Hanna on the grounds that the claims of the Underlying Lawsuit are not covered by the Mesa Policy; as such claims are precluded from coverage based on the Garage Named Driver(s) Endorsement, because the claims of "loss" and "bodily injury" in the Underlying Lawsuit arise out of the ownership, maintenance, operation or use of an "auto" by any person on behalf of or for the benefit of the Named Insured **other than** the following: Abdelhamead Elmasry; Riad Kowatli; Shahzad Dhanani; Francisco Carvajal – Sanchez; and Quincy Ramnauth.

36. There is a bona fide, actual need for the declaration of Mesa's rights and obligations under the Mesa Policy, if any.

37. This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Mesa Policy and will, therefore, serve the interests of justice.

38. Mesa has no adequate remedy at law.

WHEREFORE, for the reasons stated above, Mesa requests that this Court enter a Declaratory Judgment declaring the rights, status, obligations and duties of the parties under the Mesa Policy, including, but not limited to, the following:

    A.    That Mesa has no duty to defend Mr. Alsaidi and Hanna in the Underlying Lawsuit;

    B.    That the Mesa Policy does not afford coverage for any of the matters alleged against Mr. Alsaidi and Hanna in the Underlying Lawsuit; and

    C.    That Mesa be awarded any such further relief in law or in equity to which it may be entitled.

Respectfully Submitted,

*s/ Edward T. Sylvester*
Edward Sylvester
Florida Bar No. 0051612
esylvester@hinshawlaw.com
Siobhan E. P. Grant
Florida Bar No.: 68892
sgrant@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd., Fourth Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Secondary: lleon@hinshawlaw.com
*Mesa Underwriters Specialty Ins. Co.*